IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KIRK SWOPE,** | : |
| **Plaintiff** | : **CIVIL NO. 1:10-CV-02541** |
| v. | : |
| **CENTRAL YORK SCHOOL DISTRICT,** | : **JUDGE SYLVIA H. RAMBO** |
| **Defendant** | : |

## **M E M O R A N D U M**

Before the court is Defendant Central York School District's ("the District") motion to dismiss (Doc. 7) Plaintiff's claims brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq.*, Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*  Defendant seeks to dismiss Plaintiff's Section 504 and ADA claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) for failure to exhaust administrative remedies.  Defendant also seeks to dismiss Plaintiff's IDEA, Section 504 and ADA claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.   For the reasons that follow, the court will grant Defendant's motion as it pertains to Plaintiff's failure to exhaust administrative remedies for Plaintiff's claims brought under the ADA and Section 504 and deny the motion as it pertains to failure to state a claim under the IDEA.

**I.     Background**

    **A.     Facts**[1]

Plaintiff is a former student of the Central York School District. (Compl. ¶ 7.) Plaintiff was identified by the District as a student with a specific learning disability and it is acknowledged by the parties that at all relevant times was eligible for special education services. (*Id.* ¶ 14; *see also* Def.'s Br. in Supp., Doc. 8 at 6 of 25.) Plaintiff was first referred for a psycho-educational evaluation during the fourth grade due to reported low academic achievement and a difficulty processing multi-step instructions. (*Id.* ¶ 15.) The evaluation was completed on November 20, 2000, and the results identified a specific learning disability. (*Id.*) Plaintiff subsequently received special education services throughout the time he was enrolled in Central York School District. (*Id.*) Throughout his fourth, fifth and sixth grade years, Plaintiff received special education services on a resource basis and attained satisfactory marks of predominantly As and Bs, however, Plaintiff did not receive comparable scores on standardized measures of achievement. (*Id.* ¶ 16, 17.) Despite repeated requests by Plaintiff's mother for re-evaluation and change in services, minimal adjustments were made to Plaintiff's individualized education plan ("IEP"). (*Id.* ¶ 18.) In seventh grade, Plaintiff's grades began to decline dramatically, resulting in his placement in the resource room for language arts. (*Id.* ¶ 19.) Plaintiff began to have behavioral difficulties and his ninth grade teacher reported that he "failed to complete assignments," demonstrated "poor test results" and had a

---

[1] As required when deciding a motion to dismiss, the court will accept as true all factual allegations contained in the complaint.

"high absence rate." (*Id.* ¶ 19.) By eleventh grade, Plaintiff's GPA dropped to 2.09 and his class rank was 333 out of 368 students. (*Id.* ¶ 20.)

Although being promoted to twelfth grade, Plaintiff's mother voluntarily chose to have him repeat eleventh grade. (*Id.* ¶ 21.) However, Plaintiff's difficulties continued. (*Id.*) Citing the District's refusal to make changes to Plaintiff's educational program, Plaintiff's mother withdrew him from the District and enrolled him in the Christian School of York. (*Id.*) However, Plaintiff's academic difficulties continued and in the fall of 2008, he was re-evaluated and it was determined that Plaintiff had a significant auditory processing disorder, difficulty coding, and difficulty storing information. (*Id.* ¶ 22, 23.) Other noted weaknesses included his inability to pay attention, inability to process and outline information, inability to extract meaning from what he read, inability to memorize, and his inability to ask for assistance. (*Id.* ¶ 25.) After repeating eleventh grade at the Christian School of York, Plaintiff completed twelfth grade and has since graduated. (*Id.* ¶ 26.)

### B. Procedural History

On November 4, 2010, Plaintiff's mother, Jamie Swope, filed a request for a due process hearing on Plaintiff's behalf, requesting compensatory education under the IDEA for the years in which the District failed to re-evaluate Plaintiff and provide for his educational needs. (*Id.* ¶ 12; *see also* Def.'s Br. in Supp., Doc. 8 at 7 of 25.) A hearing was held in six hearing sessions between March and July, 2010. (*Id.* ¶ 13.) On September 25, 2010, the hearing officer denied Plaintiff's claims. (*Id.*) Plaintiff appealed the hearing officer's decision by filing a complaint with this court on December 15, 2010, which was subsequently served on Defendant on

January 12, 2011. (Doc. 1.) The complaint makes claims pursuant to the IDEA, Section 504 of the Rehabilitation Act, and the ADA. By order dated February 24, 2011, the court referred the matter for mediation. (Doc. 6.) On March 11, 2011, Defendant filed the instant motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (Doc. 7.) A brief in support thereof was filed on March 25, 2011. (Doc. 8.) On April 8, 2011, Plaintiff filed a brief in opposition. (Doc. 11.) Defendant's reply brief was filed on April 22, 2011. (Doc. 12.) The court also permitted Plaintiff to file a supplemental memorandum, which was accepted for filing on May 26, 2011. (Doc. 16.) A mediator's report was filed on May 19, 2011, indicating that the parties were unable to reach a settlement. (Doc. 14.) Accordingly, Defendant's motion is now ripe for disposition.

## II.     Discussion

Plaintiff's IDEA claim is premised primarily on the District's alleged failure to provide a free and public education ("FAPE") within the IDEA, including allegations of failures to provide an updated psychological re-evaluation for Plaintiff and failure to develop or adjust an IEP to meet Plaintiff's special education needs. (*Id.* at ¶ 28 (a)-(e).) Plaintiff's complaint states that "due to Central York's failures to correctly evaluate him and provide him with a free and appropriate public Education, Kirk's academic achievement and skills are significantly below where they would be had he received a free and appropriate public education." (*Id*. ¶ 27.) Plaintiff's Section 504 and ADA claims are premised upon the District's alleged discrimination on the basis of Plaintiff's disability by failing to provide Plaintiff with an opportunity to participate and benefit from an education in the District that is

commensurate to services provided to students without disabilities. (*Id.* ¶¶ 29(a)-(e) – 30(a)-(f).)

The IDEA requires that a state receiving federal education funding provide a FAPE to disabled children. 20 U.S.C. § 1412(a)(1). School districts provide a FAPE by designing and administering a program of individualized instruction that is set forth in an IEP. 20 U.S.C. § 1414(d). "The IEP must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's educational potential." *Mary Courtney T., et al. v. Sch. Dist. of Phila.*, 575 F.3d 235, 240 (3d Cir. 2009) (citations omitted). A parent who believes that a school has failed to provide a FAPE may request a due process hearing to seek relief from the school district. *See* 34 C.F.R. § 300.507.

The IDEA and Section 504 of the Rehabilitation Act provide nearly equivalent requirements. The IDEA provides an affirmative duty to provide education, whereas the Rehabilitation Act prohibits discrimination against the disabled. *Grieco v. New Jersey Dept. of Edu.*, 2007 U.S. Dist. LEXIS 46463, at \*11 (D.N.J., June 27, 2007) (citing *W.B. v. Matula*, 67 F.3d 484, 492-93 (3d Cir. 1995) (*abrogated on other grounds by A.W. v. The Jersey City Pub. Sch.*, 486 F.3d 791 (3d Cir. 2007)). "There appear to be few differences, if any, between IDEA's affirmative duty and § 504's negative prohibition." *Suscavage v. Bucks County Sch. Intermediate Unit, et al.,* 2002 U.S. Dist. LEXIS 1274, at \*50 (E.D. Pa. Jan. 22, 2002) (quoting *Matula*, 67 F.3d at 492-93). Similarly, the ADA also prohibits discrimination against the disabled. Like Section 504, ADA claims can be based on the discriminatory effect on disabled children of seemingly neutral practices and do

not require a finding of intentional discrimination. *See Suscavage,* 2002 U.S. Dist. LEXIS 1274, at *53.

### A. <u>Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)</u>

Defendant argues that Plaintiff's Section 504 and ADA claims should be dismissed because Plaintiff failed to exhaust his administrative remedies. "'A motion to dismiss under Rule 12(b)(1) challenges the jurisdiction of the court to address the merits of the plaintiff's complaint.'" *Vieth v. Pennsylvania*, 188 F. Supp. 2d 532, 537 (M.D. Pa. 2002) (quoting *Ballenger v. Applied Digital Solutions, Inc.*, 189 F. Supp. 2d 196, 199 (D. Del. 2002)). The motion should be granted where the asserted claim is "insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Coxson v. Pennsylvania*, 935 F. Supp. 624, 626 (W.D. Pa. 1996) (citing *Growth Horizons v. Delaware County*, 983 F.2d 1277, 1280-81 (3d Cir. 1993)). A plaintiff's failure to exhaust his administrative remedies is a jurisdictional issue, such that the appropriate device to raise this issue is a motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction. *Matula*, 67 F.3d at 492-93; *Shadie v. Forte*, 2011 U.S. Dist. LEXIS 14739, at * 7 (M.D. Pa. Feb. 15, 2011). Unlike dismissal under Federal Rule of Civil Procedure Rule 12(b)(6), dismissal under Rule 12(b)(1) for lack of subject matter jurisdiction is not a judgment on the merits of the plaintiff's case, but only a determination that the court lacks the authority to hear the case. *Mortensen v. First Fed. Sav. and Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

Defendant argues that plaintiffs presenting Section 504, ADA and IDEA causes of action must first exhaust the administrative remedies provided under the

IDEA prior to filing suit in federal court in instances where, as here, the relief sought pursuant to the ADA and Section 504 is essentially the same as that available under the IDEA. (Doc. 8 at 11 of 25.) Although a due process hearing was held wherein Plaintiff requested relief under the IDEA, Defendant points out that Plaintiff's Section 504 and ADA claims were not at issue there and are raised for the first time in Plaintiff's complaint. (*Id.* at 14 of 25.)

In its brief in opposition, Plaintiff concedes that the ADA and Section 504 claims are derivative of the IDEA claims, but argues that exhaustion is not required for the ADA and Section 504 claims because the potential relief is broader under those claims. (Doc. 11 at 19 of 23, n.3.) Plaintiff also vaguely asserts, without explanation, that there may be "a difference in the Statute of Limitations to be applied." (*Id.*) Lastly, Plaintiff argues that neither the Rehabilitation Act nor the ADA impose an exhaustion requirement and, moreover, hearing officers do not have jurisdiction over ADA and Section 504 cases. (*Id.* at 18 of 23.) For the reasons set forth below, the court finds these arguments unpersuasive and will dismiss the Section 504 and ADA claims for lack of subject matter jurisdiction.

Exhaustion of the IDEA's administrative remedies is required not only for actions brought under the IDEA, but also for other actions brought "seeking relief that is also available under [the IDEA]." 20 U.S.C. § 1415 (l). More specifically:

> Nothing in this title . . . shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990, title V of the Rehabilitation Act of 1973, . . . or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this part, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this part.*

7

20 U.S.C. § 1415(l) (emphasis added). Based on this language, courts have repeatedly held that, to the extent that any claim seeks relief that is available under the IDEA, the IDEA's administrative remedies must be exhausted before such an action is brought. *R.R. v. Manhiem Township Sch. Dist.*, 2011 U.S. App. LEXIS 2702, *10 (3d Cir. Feb. 10, 2011) (quoting *L.R. v. Manheim Township Sch. Dist.*, 540 F. Supp. 2d 603, 611 (E.D. Pa. 2008)); *Hesling v. Avon Grove Sch. Dist.* ("*Hesling II*"), 2010 U.S. Dist. LEXIS 65450, at *5 (E.D. Pa. June 30, 2010) (finding exhaustion of administrative remedies required for ADA and Section 504 claims where those claims are premised on "the same allegedly retaliatory acts as their IDEA claim" and the relief is "available under the IDEA"); *R.T. v. Southeastern York County Sch. Dist.*, 2007 U.S. Dist. LEXIS 11841, at *6 (M.D. Pa. Feb. 20, 2007) (Rambo, J.) (stating that in the Third Circuit, "the exhaustion requirement is a prerequisite for a District Court to have subject matter jurisdiction over a claim under the IDEA, or any claim that seeks relief similar to that available under the IDEA); *see also Brandon V. v. Chichester Sch. Dist.*, 2007 U.S. Dist. LEXIS 53852, at *10-11 (E.D. Pa. July 25, 2007) (finding exhaustion of administrative remedies required for Section 504 claim to the extent the claim seeks relief that is also available under IDEA); *M.M. v. Tredyffrin/Easttown Sch. Dist.,* 2006 U.S. Dist. LEXIS 62918, at *23 (E.D. Pa. Sept. 1, 2006) (same).[2]

---

[2] The "policy of requiring exhaustion of remedies in the Disabilities Education Act is a strong one." *See Blunt v. Lower Merion Sch. Dist.*, 2008 U.S. Dist. LEXIS 11918, at *17 (E.D. Pa., June 6, 2008) (citing *Komninos v. Upper Saddle Bd. of Educ.*, 13 F.3d 775, 778 (3d Cir. 1994)). The exhaustion requirement was included in the statute for several reasons. First, it allows the educational agency, which presumably has considerably greater expertise in the field of education than does the court, to attempt to resolve the complaint in the first instance. *See Taylor v. Altoona Sch. Dist.,* 737 F. Supp. 2d 474, 483 (W.D. Pa. 2010). Second, it allows the family of the disabled child to play a role in designing appropriate accommodations. *See Blunt*, 559 F. Supp. 2d at 558. Third, it prevents the
(continued...)

Thus, the central issue this court must resolve is whether the relief sought under Plaintiff's ADA and Section 504 claims is also available under the IDEA. In his complaint, Plaintiff seeks the following remedies: (1) declaratory relief in the form of a ruling that the District failed to properly evaluate Kirk and provide him with a FAPE in violation of IDEA; (2) compensatory education since the seventh grade (2003-2004 school year); (3) attorneys fees; and (4) such additional relief as the court deems necessary and appropriate. (Compl., pp. 17-18.)

The types of relief sought by Plaintiff are available under the IDEA. The IDEA empowers district courts with considerable discretion when fashioning a remedy. *See* 20 U.S.C. 1415(i)(2)(C)(iii) (the court "shall grant such relief as the court determines appropriate.") The case law is clear that various forms of equitable relief, including the issuance of a declaratory judgment, can be obtained through the IDEA's administrative proceedings. *Hesling II*, 2010 U.S. Dist. LEXIS 65450, at * 3-4; *Hesling v. Avon Grove Sch. Dist.* ("*Hesling I*"), 428 F. Supp. 2d 262, 273 (E.D. Pa. 2006). The court could stop there, because provided "at least part of the relief sought by [Plaintiff] . . . is available through [the IDEA's] administrative procedures," the IDEA's exhaustion requirements apply to Plaintiff's ADA and Section 504 claims. *Hesling I*, 428 F. Supp. 2d at 275; *see also Hesling II*, 2010 U.S. Dist. LEXIS 65450, at * 4; *Brandon V.*, 2007 U.S. Dist. LEXIS 53852, at *14, 15 ("the Court . . . will not excuse exhaustion if the administrative process is capable of

---

[2](...continued)
unnecessary duplication of judicial review by allowing the administrative agency to develop the factual record prior to review by this court. *See Woodruff v. Hamilton Twp. Pub. Schs.*, 305 F. App'x 833, 837 (3d Cir. 2009) (citing *S.H. v. State-Operated Sch. Dist. of City of Newark*, 336 F.3d 260, 269-70 (3d Cir. 2003)).

providing Plaintiffs *some* form of relief) (emphasis in original). For the sake of thoroughness, the court notes that other relief sought by Plaintiff is also available through the IDEA's administrative procedures. For example, compensatory education is an appropriate remedy under the IDEA where a school district knows, or should know, that a child's educational program is not appropriate or that she is receiving only *de minimis* benefit and fails to correct the situation. *Breanne C. v. Southern York County Sch. Dist.*, 732 F. Supp. 2d 474, 487 (M.D. Pa. 2010) (citing *M.C. v. Cent. Reg. Sch. Dist.*, 81 F.3d 389, 397 (3d Cir. 1996)).[3] Likewise, the IDEA provides that "in any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs – (I) to the prevailing party who is the parent of a child with a disability." 20 U.S.C. § 1415(i)(3)(B)(i)(I). Thus, the court finds that because Plaintiff's ADA and Section 504 claims are derivative of his IDEA claim, and the requested relief is available under the IDEA, Plaintiff's ADA and Section 504 claims must be addressed in the first instance by the IDEA administrative process. Because Plaintiff's ADA and Section 504 claims were not at issue during the due process hearing, Plaintiff failed to exhaust his administrative remedies and the court will therefore dismiss the ADA and Section 504 claims for lack of subject matter jurisdiction.

Plaintiff erroneously relies on *Weidow v. Scranton Sch. Dist.*, 2009 U.S. Dist. LEXIS 73622 (M.D. Pa. Aug. 19, 2009) for the proposition that exhaustion is not required here because neither Section 504 nor the ADA impose an exhaustion

---

[3] Compensatory damages (e.g., monetary damages), however, are inconsistent with the purpose of the IDEA and, accordingly, most courts have dismissed claims for compensatory damages under the IDEA. *See, e.g., Breanne C. v. Southern York County Sch. Dist*, 665 F. Supp. 2d 504, 509-10 (M.D. Pa. 2009) (gathering cases). Plaintiff here, however, only requests compensatory education.

requirement.  That case is distinguishable because there, Plaintiff graduated prior to filing the action, and sought compensatory damages that were unavailable under the IDEA.  The court held that the plaintiff was excused from the IDEA exhaustion requirements because his graduation terminated the district's obligation to identify and evaluate her as a disabled student thereby prohibiting her from seeking relief through the IDEA administrative process.  The court also held that because the plaintiff sought only compensatory damages, which are not available under the IDEA, she is not subject to the IDEA's exhaustion requirements.  *Id.* at *23.  Here, the record shows that Plaintiff did not graduate prior to the filing the action[4] and Plaintiff sought damages clearly contemplated by the IDEA.  Thus, Plaintiff's reliance in *Weidow* is misplaced.

Plaintiff's unsupported statement that hearing officers do not have jurisdiction over Plaintiff's ADA and Section 504 claims also fails.  No statutory or case law supports this assertion.  In fact, the language of the IDEA suggests the opposite, provided such claims are brought simultaneously with IDEA claims and seek relief available under the IDEA:

> Before the filing of a civil action *under such laws* seeking relief that is available under this subchapter, the procedures under subsections (f) and (g) of this section *shall be exhausted to the same extent as would be required had the action been brought under this subchapter*.

---

[4] Defendant's brief in support states that Kirk's parent initially filed a due process complaint on or about November 3, 2009, and Kirk subsequently graduated at the end of the 2009-2010 school year. (Doc. 8 at 7 of 25.) Plaintiff does not take issue with this assertion in his brief in opposition and at no point alleges that he graduated prior to filing this action.

20 U.S.C. § 1415(l) (emphasis added). Thus, the court finds that a hearing officer may rule on facts falling under claims that are concurrent with IDEA claims where, as here, the relief sought is available under the IDEA.

Finally, although the policy requiring exhaustion is a powerful one, the Third Circuit has recognized that exhaustion is excused in certain circumstances, namely "where recourse to the administrative proceedings would be futile or inadequate, the issue presented is purely a legal question, or the administrative agency cannot grant the requested relief" or "where an agency has adopted a policy or pursued a practice of general applicability that is contrary to law." *See Grieco*, 2007 U.S. Dist. LEXIS 46463, at *18 (citations omitted). The plaintiff bears the burden of showing that exhaustion is futile or that the relief of an administrative remedy is inadequate. *Weber v. Cranston Sch. Comm.*, 212 F.3d 41, 52 (1st Cir. 2000); *see also Hesling I*, 428 F. Supp. 2d at 274. Here, Plaintiff does not allege, let alone meet his burden of showing that any exception to the exhaustion requirement applies, and the court's independent analysis finds no reason to excuse exhaustion.

In short, the court finds that Plaintiff's ADA and Section 504 claims are derivative of his IDEA claim and the requested relief is available under the IDEA, and thus Plaintiff is not excused from the IDEA's exhaustion requirement as to those claims. Because Plaintiff's ADA and Section 504 claims were not at issue during the due process hearing, Plaintiff failed to exhaust his administrative remedies and, in the absence of any showing that Plaintiff is excused from exhaustion, the court will dismiss the ADA and Section 504 claims for lack of subject matter jurisdiction.

### B. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1950 (2009)). Additionally, the court must "accept as true all factual allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Kanter v. Barella*, 489 F.3d 170, 177 (3d Cir. 2007) (quoting *Evancho v. Fisher*, 423 F.3d 347, 350 (3d Cir. 2005)). The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citations omitted). As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a) (alterations in original)). In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

"To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters

of public record." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007). The court may consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit*, 998 F.2d at 1196. Additionally, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) (citation omitted); *see also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) ("Although a district court may not consider matters extraneous to the pleadings, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment.") (internal quotation omitted). However, the court may not rely on other parts of the record in making its decision. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

Defendant argues that Plaintiff's IDEA, Section 504, and ADA claims should be dismissed for failure to plead claims with sufficient factual particularity and for failure to state a claim within the two year statute of limitations applicable to IDEA, Section 504 and ADA claims. Because Plaintiff's Section 504 and ADA claims are dismissed for failure to exhaust administrative remedies, the court will address these arguments only as they pertain to Plaintiff's IDEA claim.

Defendant argues that Plaintiff's IDEA claim should be dismissed for failure to state a claim because the factual allegations with respect to whether the District provided Plaintiff with FAPE are vague and conclusory. (Doc. 7 ¶ 6.)

Defendant further argues that the complaint fails to address the period of compensable time with sufficient factual enhancement and instead includes only one paragraph with a vague and unexplained reference to "academic difficulties." (*Id.*)

As stated above, the Supreme Court of the United States articulated a "plausibility" standard that a plaintiff must meet by its factual allegations to survive a motion to dismiss. *Twombly*, 550 U.S. at 555; *Iqbal*, 129 S. Ct. at 1950. Under the IDEA, a state receiving federal education funding is required to provide a FAPE to disabled children. 20 U.S.C. § 1412(a)(1). School districts provide a FAPE by designing and administering a program of individualized instruction that is set forth in an IEP. 20 U.S.C. § 1414(d). "The IEP must be reasonably calculated to enable the child to receive meaningful educational benefits in light of the student's educational potential." *Mary Courtney T.*, 575 F.3d at 240. Thus, to set forth a plausible IDEA claim, a plaintiff must plead sufficient facts that would allow a reasonable trier of fact to infer that the defendant denied the plaintiff's right to a FAPE. Here, Plaintiff's complaint alleges that Plaintiff's standardized test achievements were not commensurate with his satisfactory school grades (Compl. ¶ 17), Plaintiff's mother repeatedly requested a re-evaluation of Plaintiff's learning services (*Id.* ¶ 18), Plaintiff's academic success declined dramatically beginning in the seventh grade (*Id.* ¶ 19), Plaintiff demonstrated poor test results and a high absence rate in ninth grade (*Id.*), Plaintiff's GPA and class rank plummeted during his ninth and tenth grade years (*Id.* ¶ 20), the District attempted to promote Plaintiff to twelfth grade despite failing grades (*Id.* ¶ 21), and the District refused to make changes in Plaintiff's educational program despite the fact that Plaintiff repeated eleventh grade (*Id.*). These averments do more than simply recite the elements of an

IDEA claim. Combined with allegations that the District failed to recognized the failures of Plaintiff's special education program and failed to provide an updated psychological evaluation or develop an appropriate IEP, they represent an allegation of factual content that allows the court to make a reasonable inference that the Defendant failed to provide Plaintiff with a FAPE in violation of the IDEA. In short, the complaint sets forth a plausible IDEA claim and Defendant's motion will be denied in this regard.

Turning next to Defendant's statute of limitations argument, Defendant notes that Plaintiff's complaint makes claims about his education dating back to 2000, and requests compensatory education back to 2003-2004. (Def.'s Br. in Supp., Doc. 8 at 24 of 25.) Defendant further notes that Plaintiff has not been a student in the District since June 2008. Because Plaintiff filed his due process complaint in January 2010, Defendant argues that this court should uphold the hearing officer's finding that the two-year statute of limitations bars Plaintiff from presenting testimony and making claims under the IDEA beyond January 2008, two years prior to the filing of the due process complaint. (*Id.*) Plaintiff responds by arguing that an analysis of the IDEA statute of limitations requires a fact-based analysis that is inappropriate for a motion to dismiss. (Pl.'s Br. in Opp., Doc. 11 at 21 of 23.) Plaintiff also infers, without analysis, that the statute of limitations should not bar his claims as a result of minority tolling under 41 Pa. Cons. Stat. § 5533. (*Id.*)

In December 2004, Congress amended the IDEA to include a two-year statute of limitations for the initiation of due process proceedings, effective July 1, 2005. 20 U.S.C. § 1415(f)(3)(C). Previously, the IDEA contained no explicit statute of limitations. The amendment provides:

16

> A parent or agency shall request an impartial due process hearing within 2 years of the date the parent or agency knew or should have known about the alleged action that forms the basis of the complaint, or, if the State has an explicit time limitation for requesting such a hearing under this subchapter, in such time as the State law allows.

*Id.* However, this limitations period does not apply if the parent was prevented from requesting a due process hearing due to either:

> (i) specific misrepresentations by the local educational agency that it had resolved the problem forming the basis of the complaint; or
>
> (ii) the local educational agency's withholding of information from the parent that was required under this part to be provided to the parent.

*Id.* § 1415(f)(3)(D).

The court agrees with Plaintiff that any inquiry into the application of the statute of limitations requires a highly factual determination as to when the parent "knew or should have known" of the violations that formed the basis of the complaint. Such a factual analysis will necessarily require a review of the administrative record beyond a mere review of the hearing officer's decision.[5] On a motion to dismiss, however, the court is generally limited to reviewing the contents of the complaint, as well as any exhibits attached thereto and matters of public record. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196. At the time of this memorandum, the court has yet to receive a copy of the certified record in the underlying administrative proceedings. Even if the court were in receipt of the

---

[5] The IDEA allows review of the administrative record under section 1415(i)(2) of the Act which provides that the district court "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as it determines appropriate." 20 U.S.C. § 1415(i)(2).

record, the proper vehicle for review of the record and analysis of the applicable statute of limitations is on a motion for summary judgment. *See J.L. v. Ambridge Area Sch. Dist.*, 622 F. Supp. 2d 257, 266 (W.D. Pa. 2008) (denying motion to dismiss IDEA claim on statute of limitations defense holding that such analysis requires a review of the administrative record which, given the motion to dismiss standard, is more appropriately conducted on summary judgment); *Alexandra R. v. Brookline Sch. Dist.*, 2007 U.S. Dist. LEXIS 66091, at *3-5 (D.N.H. Sept. 6, 2007) (denying motion to dismiss because whether parents "knew or should have known" of District's alleged failure to provide FAPE can not be resolved absent a thorough examination of the record which cannot be assessed in the context of a motion to dismiss). Moreover, as Defendant points out in its Brief in Support, Plaintiff originally filed a due process complaint on November 2, 2009, approximately two and one-half months prior to the January 19, 2010 complaint that was apparently used by the hearing officer in her statute of limitations analysis. (Doc. 8 at 7 of 25.) The November complaint was dismissed upon a sufficiency challenge by the District. (*Id.*) Whether the filing of the November complaint has any statute of limitations implications is unclear as it is not addressed by either party and thus dismissal at this stage is inappropriate. Accordingly, Defendant's motion to dismiss as to the IDEA claim based on the statute of limitations defense is denied.

### III. <u>Conclusion</u>

For the aforementioned reasons, Defendant's motion to dismiss Plaintiff's ADA and Section 504 claims will be granted.  However, Defendant's motion to dismiss Plaintiff's IDEA claim will be denied.  An appropriate order will be issued.

                                        s/Sylvia H. Rambo  
                                        United States District Judge

Dated:  June 21, 2011.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KIRK SWOPE,**         :
           **Plaintiff**         : **CIVIL NO. 1:10-CV-02541**
                            :
    **v.**              :
                            :
**CENTRAL YORK SCHOOL**  :
**DISTRICT,**            :
           **Defendant**        :

## **O R D E R**

In accordance with the above memorandum, it is **HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 7) is **GRANTED IN PART** and **DENIED IN PART.** The motion is **GRANTED** with regard to Plaintiff's claims under both the ADA and Section 504 of the Rehabilitation Act. The motion is **DENIED** with regard to Plaintiff's claim under the IDEA.

                                                                  s/Sylvia H. Rambo
                                                                   United States District Judge

Dated: June 21, 2011.